IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CORDARIOUS NELSON**                                                                                          **PLAINTIFF**

**VERSUS**                                             **CIVIL ACTION NO. 3:13cv1040-HSO-RHW**

**MANAGEMENT AND TRAINING
CORPORATION,** *et al.*                                                                          **DEFENDANTS**

## REPORT AND RECOMMENDATION

This case is before the Court on [22] motion for summary judgment for failure to exhaust administrative remedies filed February 3, 2014 by Defendants Management and Training Corporation and M. Pulliam.[1]

### Facts and Procedural History

Cordarious Nelson, inmate # 150153, is presently incarcerated at East Mississippi Correctional Facility (EMCF) serving four sentences totaling twelve years, including two convictions of receiving stolen property and one of burglary of an unoccupied dwelling.[2]  His tentative release date is September 12, 2020.  Nelson signed the complaint to commence this action on August 29, 2013, and it was filed by the clerk on September 16, 2013.  [1]

Nelson alleges violation of his constitutional rights by use of excessive force and delay in medical care arising from an August 7, 2013 incident.  Nelson claims that on that date, at 12:46 p.m. he was being escorted to his cell by two unknown corrections officers when Lt. Mason and

---

[1]The remaining Defendant, J. Mason, has never been served with process in this case.  The summons for Mason was returned unexecuted on December 4, 2013, with the notation, "no longer at EMCF per Tonia Houston." [13] The docket reflects no request by Plaintiff for issuance of additional process.

[2]This information is from the Mississippi Department of Corrections (MDOC) web site, which identifies only three of Nelson's convictions.  The three which are identified are all from Clarke County, Mississippi.

Sgt. Pulliam entered behind him and made what he deemed to be life-threatening remarks. Nelson told the officer(s) he would file a "remedy claim against him to let his actions be held accountable..." According to Nelson the matter "escalated" as they proceeded to Nelson's cell, and Nelson was offended by Pulliam's yanking or pulling on his chain restraints. Nelson alleges that when he yelled, "Stop," Mason radioed that Nelson was resisting being placed in his cell, and that Pulliam grabbed him and "slammed" him to the dayroom floor. Subsequently, all Nelson's personal property was removed from his cell and he was placed on 72- hour property restriction. He claims he was not taken to medical to have his injuries checked, and that his request for a sick call was ignored.

Nelson alleges he filed an administrative remedy grievance on August 12, 2013 and wrote petitions to lawyers of ACLU about his situation. He states he received a letter from the contractor monitor of EMCF, Tyeasa Evans, stating if he wanted to be removed from the facility to write her back. His pleadings state he "declined and began to write (his) lawsuit." In his complaint, Nelson states he was an MDOC prisoner at the time of the August 7, 2013 incident, and that he is "still waiting on his procedural 2nd step..." He alleges he presented his claims in written and verbal requests to medical staff on August 12, 2013.

In support of their motion for summary judgment on the exhaustion issue, Defendants present the affidavit of Rebecca Naidow, the Administrative Remedy Program (ARP) Clerk at EMCF, accompanied by the files for grievances filed by Nelson at EMCF. Naidow states that on or about August 9, 2013, Nelson submitted an ARP request (EMCF 13-1259) claiming Pulliam and Mason used excessive force against him during an incident on his housing zone, but that Nelson cancelled the grievance before he received a first step response. Naidow further states that on or about August 27, 2013, Nelson submitted an ARP request (EMCF 13-1452) claiming

he had not received adequate medical attention since the incident with Pulliam and Mason, but that Nelson also withdrew this grievance before receiving a first step response. Nelson submitted a third ARP request on October 4, 2013 (EMCF 13-1974) complaining that Sgt. Pulliam was working in his housing zone while Nelson had a lawsuit pending against him, but he also withdrew that grievance prior to receiving a first response. According to Naidow's affidavit, Nelson did not complete the ARP process for any of theses three ARP grievances.

At the scheduled omnibus/*Spears* hearing on February 4, 2014, the Court discussed the exhaustion issue with Plaintiff, and provided him a copy of the newly filed motion for summary judgment. Plaintiff admitted to the undersigned that he had not exhausted his administrative remedies with respect to the claims made in this lawsuit. The undersigned then advised Plaintiff that he would be allowed until February 28, 2014 to file a response to the motion for summary judgment. The undersigned further advised Plaintiff that if he agreed he had not completed the administrative process, he need not file a response to the summary judgment motion and the case would be dismissed for failure to exhaust administrative remedies. Mr. Nelson acknowledged that he understood. The deadline for Nelson's response to Defendants' motion has passed, and the docket reflects no response from the Plaintiff.

## Law and Analysis

Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001).

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The Fifth Circuit takes "a strict approach" to the exhaustion requirement.

*See Johnson v. Ford*, 261 Fed.Appx. 752, 755 (5th Cir. 2008). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003)(quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Dismissal is appropriate where an inmate has failed to properly exhaust the administrative grievance procedure before filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement – the grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act. *Wright*, 260 F.3d at 358. In this case, Plaintiff did not exhaust his administrative remedies prior to filing suit.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that this case be dismissed for Plaintiff's failure to exhaust administrative remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (Dec.1, 2011), after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file written objections to the Report and Recommendation. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge. Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 10th day of March, 2014.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE